# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| 1-2-3-4-5, Inc.; and Three Twenty Two, LLC, )<br>)<br>Plaintiffs, )<br>vs. )<br>)<br>City of Las Vegas; Carolyn Goodman; and the )<br>Las Vegas City Council, )<br>)<br>Defendants. )<br>_____ ) | Case No.: 2:14-cv-00841-GMN-CWH<br><br>**ORDER** |

Pending before the Court is the Emergency Application for Temporary Restraining Order and Order to Show Cause (ECF No. 2) filed by Plaintiffs 1-2-3-4-5, Inc., and Three Twenty Two, LLC.  Defendants City of Las Vegas, Carolyn Goodman, and the Las Vegas City Council filed a Response (ECF No. 16), and Plaintiffs filed a Reply (ECF No. 18).

## I.    BACKGROUND

Plaintiffs are Nevada businesses operated by siblings Aliza Elazar-Higuchi and Eli Elezra. (Compl., 1-2, ECF No. 1.)  Through Plaintiffs, Elazar-Higuchi and Elezra, with their family, founded and own the Souvenir Super Market ("SSM") located at 320-322 Fremont Street. (*Id*. at 2:¶9.)  SSM has operated as a liquor store for more than twenty years. (*Id*. at 3:¶12.)  SSM has held and currently holds a package liquor license issued by the City of Las Vegas pursuant to Chapter 6.50 "Liquor Control," of the Las Vegas, Nevada Municipal Code[1]. (*Id*. at 2:¶9; *see* Elazar Decl., Ex. 1, ECF No. 4; Elezra Decl., Ex. 1, ECF No. 13.)

Prior to September 2013, the last major revisions to Chapter 6.50 were made in late 2009 and 2010 with Ordinance Nos. 6071 and 6090. (*See* Silvestri Decl., ECF No. 3.)  In September

---

[1] Chapter 6.50 and other regulations of the Municipal Code are publicly available at
https://library.municode.com/HTML/14787/level2/TIT6BUTALIRE_CH6.50LICO.html.

2013, Chapter 6.50 and other alcohol licensing regulations of the Municipal Code were amended by Ordinance No. 6266.  After a May 21, 2014, meeting of the Las Vegas City Council and a unanimous vote approving Bill No. 2014-29, signed by Mayor Carolyn Goodman, these regulations were again amended with the enactment of Ordinance No. 6320. (*See id*; Ordinance 6320, Ex. 10 to Silvestri Decl., ECF No. 3-1.)

In their Complaint, filed May 28, 2014, Plaintiffs request declaratory relief and a preliminary and permanent injunction under 42 U.S.C. § 1983, alleging violations of the First, Fifth and Fourteenth Amendments of the United States Constitution. (ECF No. 1.)  Plaintiffs allege that the enactment and enforcement of Ordinance Nos. 6266 and 6320 results in a denial of equal protection, denial of procedural due process, denial of substantive due process, denial of the right to free speech, inverse condemnation, and that these ordinances are void for vagueness. (*Id*.)

Plaintiffs bring this emergency motion asserting that they are threatened by irreparable harm with the enforcement of Ordinance No. 6320, which could result in the revocation of Plaintiffs' business licenses, and the closure of Plaintiffs' business. (Silvestri Decl. at 2.)  In their Reply (ECF No. 18), Plaintiffs indicate that the City of Las Vegas has notified them in writing of its intent to enforce the ordinance as of June 13, 2014, after a ten-day grace period. (*See* Aliza Decl., Ex. 1, ECF No. 18-1.)

## II.   LEGAL STANDARD

Preliminary injunctions and temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).

A "court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant

before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).  A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters Local No. 70*, 415 U.S. 423, 439 (1974).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22.  "[C]ourts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id*. at 24 (internal quotation marks omitted).

The Ninth Circuit has held that "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (internal quotation marks omitted).

"In deciding a motion for a preliminary injunction, the district court 'is not bound to decide doubtful and difficult questions of law or disputed questions of fact.'" *Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986) (quoting *Dymo Indus., Inc. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)).

"The urgency of obtaining a preliminary injunction necessitates a prompt determination and makes it difficult to obtain affidavits from persons who would be competent to testify at trial." *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984).  "The trial court

1  may give even inadmissible evidence some weight, when to do so serves the purpose of

2  preventing irreparable harm before trial." *Id.*

3         "The court may issue a preliminary injunction or a temporary restraining order only if

4  the movant gives security in an amount that the court considers proper to pay the costs and

5  damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R.

6  Civ. P. 65(c).

7  **III.   DISCUSSION**

8         Plaintiffs allege that Defendants' enactment of Ordinance Nos. 6266 and 6320 violate

9  the United States Constitution and the Nevada Constitution, and that the resulting "liquor

10  regulatory scheme" is not justified by any rational relation to legitimate government interests.

11  Having considered the parties' briefs, declarations, and accompanying exhibits, the Court finds

12  that Plaintiffs' motion may be granted, and that a temporary injunction is appropriate to

13  preserve the status quo until such time as a hearing may be conducted by the Court.

14         The Court finds that Plaintiffs have shown serious questions going to the merits of their

15  claims, and that the balance of hardships tips sharply against Defendants and in Plaintiffs' favor

16  with regard to temporarily restraining Defendants from enforcing Ordinance 6320.  This is

17  particularly apparent where Defendants do not allege any harm to themselves should an

18  injunction issue.  Furthermore, to the extent that Plaintiffs' business licenses may be revoked,

19  and Plaintiffs' business at risk of permanent closure as a result, the Court finds that irreparable

20  harm may be prevented with an injunction, and that the public interest weighs in favor of a

21  temporary restraining order until the matter can be heard.  Finally, consistent with Plaintiffs'

22  request, the Court finds that a bond of $10,000 is sufficient to satisfy the requirements of Rule

23  65(c).

24  **IV.   CONCLUSION**

25         **IT IS HEREBY ORDERED** that the Emergency Application for Temporary

1   Restraining Order and Order to Show Cause (ECF No. 2) is **GRANTED**.  On **June 23, 2014 at**

2   **10:00 a.m. in Courtroom 7D before the Honorable Gloria M. Navarro, Chief Judge,**

3   **United States District Court, 333 Las Vegas Blvd. So., Las Vegas, Nevada 89101**,

4   Defendants shall show cause at a hearing why a preliminary injunction should not issue.  Upon

5   the posting of a $10,000 bond by Plaintiffs, Defendants are enjoined from pursuing

6   enforcement of Ordinance 6320 against Plaintiffs until a hearing may be held, or upon further

7   order of the Court.

8           **DATED** this 12th day of June, 2014.

9

10  _____

11          Gloria M. Navarro, Chief Judge
            United States District Court

12

13

14

15

16

17

18

19

20

21

22

23

24

25