JEFF SILVESTRI, ESQ.
Nevada Bar No. 5779
JOSEPHINE BINETTI McPEAK, ESQ.
Nevada Bar No. 7994
McDONALD CARANO WILSON LLP
2300 W. Sahara Avenue, Suite 1200
Las Vegas, NV  89102
Telephone:  702.873.4100
Facsimile:    702.873.9966
E-mail:  jsilvestri@mcdonaldcarano.com
E-mail:  jmcpeak@mcdonaldcarano.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| 1-2-3-4-5, Inc., a Nevada corporation; THREE TWENTY TWO, LLC, a Nevada limited liability company,<br><br>             Plaintiffs,<br><br>v.<br><br>CITY OF LAS VEGAS, a municipal corporation,  CAROLYN G. GOODMAN, in her official capacity as Mayor of the City of Las Vegas; and LAS VEGAS CITY COUNCIL, a political subdivision of the City of Las Vegas<br><br>             Defendants. | CASE NO. 2:14-cv-00841-GMN-CWH<br><br>**EMERGENCY MOTION TO CONTINUE ORDER TO SHOW CAUSE HEARING RE PRELIMINARY INJUNCTION TO JULY 2, 2014**<br><br>**<u>AND ORDER</u>** |

On June 12, 2014, this Court entered a temporary restraining order enjoining Defendants from enforcing Ordinance No. 6320 ("TRO") and directing Defendants to show cause at a hearing on June 23, 2014[1] why a preliminary injunction should not issue.  Plaintiffs' lead trial counsel immediately contacted Defendants' counsel to request a brief continuance of the hearing until July 2, 2014 to accommodate his trial schedule (Plaintiff's counsel is in trial on June 23, 2014).  Without offering any reason other than that Defendants "prefer to have the matter heard within the time provided in Rule 65," Defendants refused to extend any continuance of the preliminary injunction hearing.

---

[1]    Plaintiffs make this Motion on an emergency basis given that the preliminary injunction hearing is scheduled for a week from today.

This court may extend the TRO and continue the hearing in the preliminary injunction because the time limitations set forth in FRCP 65(b)(2) addresses time limitations on temporary restraining orders issued *without notice*. Here, the TRO was entered after notice and full briefing by the parties. However, even if FRCP 65(b)(2) applies to the TRO, FRCP 65(b)(2) specifically allows this Court to extend the TRO beyond 14 days *and up to 28 days* if good cause exists. Good cause exists here to extend the TRO because (1) the grounds upon which the Court granted the TRO continue to exist (including Defendants' continuing failure to identify any harm if the Court were to extend the TRO) and (2) Plaintiffs' lead trial counsel will be in trial on another matter on June 23, 2014, and therefore has a significant conflict beyond his control and cannot prepare for or attend the preliminary injunction hearing scheduled for that same day.

Alternatively, the Court may enter a preliminary injunction before expiration of the TRO and set the injunction for hearing on July 2, 2014 or some other date convenient for the Court.

**Plaintiffs request that this Court extend the temporary restraining order and continue the preliminary injunction hearing to July 2, 2014.**

RESPECTFULLY SUBMITTED this 16th day of June, 2014.

McDONALD CARANO WILSON LLP

By: */s/ Jeff Silvestri*
JEFF SILVESTRI, ESQ. (#5779)
JOSEPHINE BINETTI McPEAK, ESQ. (#7994)
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102
Telephone: (702) 873-4100
jsilvestri@mcdonaldcarano.com
jmcpeak@mcdonaldcarano.com

*Attorneys for Plaintiffs*

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   STATEMENT OF RELEVANT FACTS**

On May 28, 2014, Plaintiffs filed a Complaint against Defendants, alleging various causes of action related to the Package Liquor Ordinances[2] (ECF No. 1). Plaintiffs concurrently filed an emergency application for a temporary restraining order and preliminary injunction ("TRO Motion")

---
[2] Undefined capitalized terms used herein have the same definitions as set forth in Plaintiffs' TRO Motion.

2

1  enjoining Defendants from enforcing the Package Liquor Ordinances (ECF No. 2).  The City
2  initially provided a grace period until June 7, 2014 for enforcement of the Package Liquor
3  Ordinances, and then extended the grace period through June 13, 2014.  (ECF No. 18-1).

4  On June 12, 2014, this Court entered the TRO and set a hearing on June 23, 2014 for
5  Defendants to show cause why a preliminary injunction should not issue.  Plaintiffs' lead trial
6  counsel, Mr. Silvestri, immediately called and emailed Defendants' counsel and advised that he
7  would be in trial on another matter that same week and requested that the hearing be continued to the
8  following week.  *See* Declaration of Jeff Silvestri ("Silvestri Decl.") at ¶ 7.  After receiving no
9  response from Defendants' counsel on June 12, 2014, Mr. Silvestri sent two follow-up emails on
10 June 13, 2014 to advise of the Court's availability the week of June 30 and again requesting a
11 response to the request for a continuance.  *Id.* at ¶ 9.

12 Defendants' counsel waited until after 5:00 p.m. on Friday June 13, 2014 to respond, and
13 refused to stipulate to the continuance, stating only the following: "The City is not willing to
14 stipulate to extend the hearing date past the 23rd.  We prefer to have the matter heard within the time
15 provided in Rule 65.  I'm sorry about your trial; but, maybe someone else at your firm can do the
16 hearing."  *Id.* at ¶ 10.   Because Defendants' counsel waited until after 5:00 p.m. on Friday to
17 respond, Plaintiffs could not request this continuance before June 16, 2014, and have filed this
18 emergency motion at the earliest date possible under the circumstances.   See Silvestri Decl. at ¶ 10.

19 **Plaintiffs now file this Emergency Motion seeking to extend the TRO to July 2, 2014**
20 **and seeking to continue the preliminary injunction hearing to the same day.**

21 **II.    ARGUMENT**

22 **A.    Fed. R. Civ. P. 65 Does Not Limit The Duration Of The TRO.**

23 Fed. R. Civ. P. 65 provides that "[e]very temporary restraining order issued ***without***
24 ***notice*** . . . . expires at the time after entry – not to exceed 14 days – that the court sets, unless before
25 that time the court, for good cause, extends it for a like period . . . ."  Fed. R. Civ. P. 65(b)(2)
26 (emphasis added).

27 Here, the Court issued the TRO *after* Defendants were given notice and an opportunity to
28 fully brief their response to Plaintiffs' TRO Motion.  Consequently, Defendants' suggestion that

3

Rule 65 limits the time period the TRO can remain in effect is unsupported and should be rejected by the Court. Fed. R. Civ. P. 65(b)(2); *see McLeodUSA Telecommunications Service, Inc. v. Qwest Corp.*, 361 F. Supp. 2d 912, 924 (N.D. Iowa 2005) (court expressed doubt that the time limitations set forth in FRCP 65(b)(2) applied to temporary restraining orders entered with notice but the court nevertheless assumed they applied for purposes of evaluating the extension request before it, and ultimately extended the temporary restraining order beyond the FRCP 65(b)(2) time limitations based on a conflict with the court's personal schedule as well as its docket)).

Additionally, if the Court continues the TRO and the preliminary injunction hearing to July 2, 2014, the TRO will have been in effect for only 20 days. Clearly, a 20-day duration for a temporary restraining order is not unreasonable or prejudicial, particularly given that Defendants have not identified any harm resulting from the TRO (ECF No. 21), and Plaintiffs' lead trial counsel has a significant conflict with the June 23, 2014 hearing date that is beyond his control and will prevent him from preparing for and representing Plaintiffs at the preliminary injunction hearing.

**B.      Even if Fed. R. Civ. P. 65(b)(2) Applies to the TRO, Good Cause Exists to Extend the Duration of the TRO.**

1. Legal standard.

Fed. R. Civ. P. 65 provides that courts may extend temporary restraining orders an additional 14 days after entry, for a total period of 28 days, for good cause. Fed. R. Civ. P. 65(b)(2); *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 433 (1974) ((holding that, under the former version of FRCP 65(b) that permitted a 10-day duration for temporary restraining orders, such orders expire after 10 days or after 20 days if good cause is shown).

Good cause exists where "the grounds for originally granting the temporary restraining order continue to exist." *Flying Cross Check, L.L.C. v. Cent. Hockey League, Inc.*, 153 F. Supp. 2d 1253, 1260 (D. Kan. 2001) (quoting 11A Charles A. Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice and Procedure,* § 2953 p. 279 (1995)). Good cause also exists where counsel, despite its "diligent efforts," needs additional time to prepare for the preliminary injunction. *Id.* Moreover, delay outside of the control of the moving party may also support a finding of good cause. *See, e.g.,*

4

*McLeodUSA*, 361 F. Supp. 2d at 924 (the court extended the temporary restraining order beyond the FRCP 65(b)(2) time limitations based on a conflict with the court's personal schedule as well as its docket); *American Sys. Consulting, Inc. v. Devier*, 514 F. Supp. 2d 1001, 1010 (S.D. Ohio 2007)[3] ("It would be inequitable for Plaintiff to lose a lawfully obtained [temporary restraining order] ... simply based on the circumstances of scheduling issues."). These circumstances exist here, thereby warranting an extension of the TRO. If the Court continues the preliminary injunction hearing to July 2, 2014,[4] the TRO will be in effect within the 28-day period permitted by FRCP 65(b)(2). As such, the sole remaining issue is whether good cause exists for the extension of the TRO. Plaintiffs assert that it does.

2. <u>The grounds upon which the Court granted the TRO continue to exist</u>.

Nothing has changed since the Court granted the TRO on June 12, 2014. Plaintiffs face the same irreparable harm if the Package Liquor Ordinances are enforced and there is no resulting harm to Defendants if the TRO is continued beyond 14 days. Indeed, extending the TRO to 20 days rather than the initial 14 days permitted under FRCP 65(b)(2) will not harm Defendants considering they did not identify any resulting harm in their opposition to Plaintiffs' Motion for TRO (Dkt No. 21 at 4:16-18) and given that, prior to the Order granting the TRO, Defendants notified Plaintiffs of their delayed enforcement of Ordinance No. 6320[5] (ECF No. 18-1). Defendants would not have delayed enforcement if it would have resulted in harm to them. Moreover, when rejecting counsel's request to continue the preliminary injunction hearing, Defendants' counsel *still did not identify any harm to Defendants* should the preliminary injunction hearing be continued to July 2. *See* Silvestri Decl. at ¶¶ 10, Ex. 1.

---

[3] Although the *American Sys. Consulting* court extended the temporary restraining order based on delay caused by removal proceedings to federal court, it also observed that whether the injunction should continue or not should be based on its merits. So is the case here: whether the TRO should be extended should be determined on its merits and not risk dissolution simply because Plaintiffs' lead trial counsel is unable to prepare for or represent Plaintiffs at the preliminary injunction hearing.

[4] Plaintiffs request that the preliminary injunction hearing be continued to July 2, 2014, which is the date the Court advised it preferred in the event Defendants' counsel agreed to the continuance. *See* Silvestri Decl. at ¶¶ 8-9.

[5] Ordinance No. 6320 was passed on May 21, 2014, was published on May 24, 2014, and went into effect May 27, 2014. ECF No. 2. The City first delayed enforcement until June 7, 2014 and then to June 13, 2014. Thus, the City delayed enforcement of the Ordinance No. 6320 for 18 days.

Given that the circumstances on which the Court granted the TRO have not changed, good cause exists for the Court to extend the duration of the TRO as requested by Plaintiffs. *Flying Cross Check*, 153 F. Supp. 2d at 1260.

> 3. <u>Plaintiffs' lead trial counsel will be in trial on another matter on June 23 and, therefore, cannot prepare for or attend the preliminary injunction hearing scheduled for that same day</u>.

In its June 12, 2014 Order granting the TRO, the Court set a preliminary injunction hearing for June 23, 2014. However, Plaintiffs' lead trial counsel, Mr. Silvestri, has a trial scheduled the week of June 23, and so cannot meaningfully prepare for, or strategize regarding, the preliminary injunction hearing, and cannot represent Plaintiffs during the scheduled June 23, 2014 preliminary injunction hearing. *See* Silvestri Decl. at ¶¶ 5-6.

As the Court noted in its Order granting the TRO, "Plaintiffs' business licenses may be revoked and Plaintiffs' business at risk of permanent closure . . . ." ECF No. 21. Given what is at risk for Plaintiffs, Plaintiffs understandably desire that Mr. Silvestri represent them during the preliminary injunction hearing. Considering Mr. Silvestri's schedule conflict and inability to prepare for or represent Plaintiffs at the preliminary injunction hearing, and balancing the substantial risk to Plaintiffs if a preliminary injunction is not entered against the minimal risk to Defendants (ECF No. 21), good cause exists to extend the TRO to July 2, 2014 and to continue the preliminary injunction hearing to the same day. *See e.g., McLeodUSA*, 361 F. Supp. 2d at 924 (court extended the temporary restraining order beyond FRCP 65(b)(2) time limitations based on a conflict with the court's personal schedule as well as its docket); *American Sys. Consulting*, 514 F. Supp. 2d at 1010 ("It would be inequitable for Plaintiff to lose a lawfully obtained [temporary restraining order] ... simply based on the circumstances of scheduling issues.").

**C.   <u>Alternatively, a Preliminary Injunction is Appropriate</u>.**

If this Court is not inclined to extend the duration of the TRO, it may enter a preliminary injunction before expiration of the TRO and set it for hearing on July 2 or some later date.

The standards for a preliminary injunction and a temporary restraining order are identical. *Quiroga*, 735 F. Supp. 2d at 1228. This Court recognized as much in its Order (ECF No. 21). A hearing is not required in order to issue a preliminary injunction. *Int'l Molders' & Allied Workers'*

6

*Local Union No. 164 v. Nelson*, 799 F.2d 547, 555 (9th Cir. 1986) ("INS has not been unfairly deprived of the chance to show opposition to the issuance of a preliminary injunction. The district court did not abuse its discretion in granting the preliminary injunction without an evidentiary hearing.").

Here, the parties have fully briefed the grounds for the Court to issue a preliminary injunction and the Court has found that "Plaintiffs have shown serious questions going to the merits of their claims, and that the balance of hardships tips sharply against Defendants and in Plaintiffs' favor . . . ." (ECF No. 21). Thus, the Court may issue a preliminary injunction based on the parties' briefs and without a hearing, or it may grant such relief until a hearing can be held.

Such relief is appropriate because it allows for Plaintiffs' lead trial counsel to prepare for and represent Plaintiffs at the preliminary injunction hearing. Moreover, entering the preliminary injunction before a hearing on it will not harm Defendants because the injunction is merely an extension of the TRO the Court already has granted, and the hearing on the preliminary injunction can be scheduled as early as July 2, 2014.

## III.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court continue the temporary restraining order and the preliminary injunction hearing from June 23, 2014 to July 2, 2014.

To the extent the Court understands the duration of the TRO to be limited by FRCP 65(b)(2), Plaintiffs request that the Court extend the TRO until July 2, 2014 based on the good cause demonstrated herein and set the preliminary injunction hearing for that same day. FRCP 65(b) authorizes the Court to extend the TRO until July 2, and the resulting brief extension of the TRO will not harm Defendants. Moreover, the parties will remain in the same position they are in now and it will give Plaintiffs' counsel sufficient time to prepare for and represent Plaintiffs' significant

. . .

. . .

. . .

. . .

7

interests at the preliminary injunction hearing.  Alternatively, the Court may enter the preliminary injunction now and set it for hearing on July 2, 2104.

RESPECTFULLY SUBMITTED this 16th day of June, 2014

McDONALD CARANO WILSON LLP

By: */s/ Jeff Silvestri*
JEFF SILVESTRI, ESQ. (#5779)
JOSEPHINE BINETTI McPEAK, ESQ. (#7994)
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102
Telephone: (702) 873-4100
jsilvestri@mcdonaldcarano.com
jmcpeak@mcdonaldcarano.com

*Attorneys for Plaintiffs*

LVDOCS-#308235

## ORDER

**THE COURT HAVING READ** the foregoing Emergency Motion to Continue Order to Show Cause Hearing Re Preliminary Injunction (ECF No. 24), and the Declaration of Jeff Silvestri in support of the Emergency Motion to Continue Order to Show Cause Hearing Re Preliminary Injunction (ECF No. 25), and good cause appearing, hereby **GRANTS** Plaintiffs' Emergency Motion.

**IT IS HEREBY ORDERED** that the Order to Show Cause hearing scheduled for June 23, 2014 at 10:00 a.m. is **CONTINUED to Wednesday, July 2, 2014 at 10:00 a.m. in Courtroom 7D before the Honorable Gloria M. Navarro, Chief Judge**, United States District Court, 333 Las Vegas Blvd. So., Las Vegas, Nevada 89101.

**IT IS FURTHER ORDERED** that the **TRO is EXTENDED** until **Wednesday, July 2, 2014 at 10:00 a.m.**

**DATED** this 19th day of June, 2014.

Gloria M. Navarro, Chief Judge
United States District Court