**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

1-2-3-4-5, Inc.; and Three Twenty Two, LLC, )
)
        Plaintiffs, )   Case No.: 2:14-cv-00841-GMN-CWH
vs. )
)    **ORDER**
City of Las Vegas; Carolyn Goodman; and the )
Las Vegas City Council, )
)
        Defendants. )
)

Pending before the Court is the Motion for Temporary Restraining Order and Order to Show Cause (ECF Nos. 34, 37) filed by Plaintiffs 1-2-3-4-5, Inc., and Three Twenty Two, LLC. Defendants City of Las Vegas, Carolyn Goodman, and the Las Vegas City Council filed a Response (ECF No. 43), and a hearing was held on July 2, 2014.

**I.    BACKGROUND**

Plaintiffs are Nevada businesses operated by siblings Aliza Elazar-Higuchi and Eli Elezra. (Compl., 1-2, ECF No. 1.) Through Plaintiffs, Elazar-Higuchi and Elezra, with their family, founded and own the Souvenir Super Market ("SSM") located at 320-322 Fremont Street. (*Id*. at 2:¶9.) SSM has operated as a liquor store for more than twenty years. (*Id*. at 3:¶12.) SSM has held and currently holds a package liquor license issued by the City of Las Vegas pursuant to Chapter 6.50 "Liquor Control," of the Las Vegas, Nevada Municipal Code[1]. (*Id*. at 2:¶9; *see* Elazar Decl., Ex. 1, ECF No. 4; Elezra Decl., Ex. 1, ECF No. 13.)

Prior to September 2013, the last major revisions to Chapter 6.50 were made in late 2009 and 2010 with Ordinance Nos. 6071 and 6090. (*See* Silvestri Decl., ECF No. 3.) In September 2013, Chapter 6.50 and other alcohol licensing regulations of the Municipal Code were

---

[1] Chapter 6.50 and other regulations of the Municipal Code are publicly available at https://library.municode.com/HTML/14787/level2/TIT6BUTALIRE_CH6.50LICO.html.

1  amended by Ordinance No. 6266.  After a May 21, 2014, meeting of the Las Vegas City
2  Council and a unanimous vote approving Bill No. 2014-29, signed by Mayor Carolyn
3  Goodman, these regulations were again amended with the enactment of Ordinance No. 6320.
4  (*See id*; Ordinance 6320, Ex. 10 to Silvestri Decl., ECF No. 3-1.)  And on June 18, 2014, the
5  Las Vegas City Council passed Ordinance No. 6329, which was brought for a vote as Bill No.
6  2014-34. (Silvestri Decl., ECF No. 35.)

7  In their Complaint, filed May 28, 2014, Plaintiffs request declaratory relief and a
8  preliminary and permanent injunction under 42 U.S.C. § 1983, alleging violations of the First,
9  Fifth and Fourteenth Amendments of the United States Constitution. (ECF No. 1.)  Plaintiffs
10 allege that the enactment and enforcement of Ordinance Nos. 6266 and 6320, and related
11 ordinances, results in a denial of equal protection, denial of procedural due process, denial of
12 substantive due process, denial of the right to free speech, inverse condemnation, and that these
13 ordinances are void for vagueness. (*See id*.)

14 Plaintiffs bring their motions for an injunction asserting that they are threatened by
15 irreparable harm with the enforcement of the ordinances, which could result in the revocation
16 of Plaintiffs' business licenses, and the closure of Plaintiffs' business.

17 **II.**     **LEGAL STANDARD**

18 Preliminary injunctions and temporary restraining orders are governed by Rule 65 of the
19 Federal Rules of Civil Procedure, which provides that a "court may issue a preliminary
20 injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).

21 A "court may issue a temporary restraining order without written or oral notice to the
22 adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint
23 clearly show that immediate and irreparable injury, loss, or damage will result to the movant
24 before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in
25 writing any efforts made to give notice and the reasons why it should not be required." Fed. R.

1  Civ. P. 65(b)(1).  A temporary restraining order "should be restricted to serving [its] underlying
2  purpose of preserving the status quo and preventing irreparable harm just so long as is
3  necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*
4  *Local No. 70*, 415 U.S. 423, 439 (1974).

5      "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed
6  on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief,
7  that the balance of equities tips in his favor, and that an injunction is in the public interest."
8  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Injunctive relief is "an
9  extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is
10 entitled to such relief." *Id*. at 22.  "[C]ourts must balance the competing claims of injury and
11 must consider the effect on each party of the granting or withholding of the requested relief."
12 *Id*. at 24 (internal quotation marks omitted).

13     The Ninth Circuit has held that "serious questions going to the merits and a hardship
14 balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming
15 the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v.*
16 *Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (internal quotation marks omitted).

17     "In deciding a motion for a preliminary injunction, the district court 'is not bound to
18 decide doubtful and difficult questions of law or disputed questions of fact.'" *Int'l Molders' &*
19 *Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986) (quoting
20 *Dymo Indus., Inc. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)).

21     "The urgency of obtaining a preliminary injunction necessitates a prompt determination
22 and makes it difficult to obtain affidavits from persons who would be competent to testify at
23 trial." *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984).  "The trial court
24 may give even inadmissible evidence some weight, when to do so serves the purpose of
25 preventing irreparable harm before trial." *Id*.

"The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

## III. DISCUSSION

Plaintiffs allege that Defendants' enactment of Ordinance Nos. 6266 and 6320, and related ordinances, violates the United States Constitution and the Nevada Constitution, and that the resulting "liquor regulatory scheme" is not justified by any rational relation to legitimate government interests. Having considered the parties' briefs, declarations, and accompanying exhibits, and the parties' oral arguments, the Court finds that Plaintiffs' requests for an injunction are not merited, and that Plaintiffs have not shown the requisite likelihood of success on the merits or serious questions going to the merits.

Accordingly, as discussed at the hearing and in this Order, the Court's previously entered temporary restraining order is dissolved, and Plaintiffs' requests for further injunctive relief are denied.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Temporary Restraining Order and Order to Show Cause (ECF Nos. 34, 37) is **DENIED**.

**DATED** this 3rd day of July, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court